988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
U.S. PHILIPS CORPORATION and North American Philips
Corporation, Plaintiffs-Respondents,
v.
SEARS ROEBUCK & CO. and Izumi Seimitsu Kogyo Kabushiki
Kaisha, Defendants-Petitioners.
 Misc. No. 361.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1992.
 
 N.D.Ill.
 APPEAL GRANTED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 Izumi Seimitsu Kogyo Kabushiki Kaisha (Izumi) and Sears Roebuck & Co. (Sears) petition for permission to appeal from certain orders of the United States District Court for the Northern District of Illinois certified for immediate appeal pursuant to 28 U.S.C. § 1292(b), (c)(1) on November 6, 1992. U.S. Philips Corporation and North American Philips Corporation (Philips) filed a response stating that they do not oppose the motion, but that they believe that the district court's orders are correct.
 
 
 2
 This case from the Illinois district court and a related case from a Florida district court have a long and complex procedural history. For purposes of this petition, only the following is pertinent. Philips sued Windmere Corporation and Izumi in a Florida district court in 1984 for, inter alia, patent infringement, inducement to infringe, and unfair competition under the Lanham Act. Windmere, but not Izumi, counterclaimed against Philips under the antitrust laws. After a jury trial, an appeal, a remand, another trial, and a second appeal, Philips and Windmere settled.[1] On July 31, 1992, this court granted Philips' and Windmere's joint motion to vacate the district court's judgment.
 
 
 3
 Meanwhile, in 1985 Philips sued Sears and Izumi in the Illinois district court for patent infringement, inducement, and unfair competition. Izumi counterclaimed under the antitrust laws.
 
 
 4
 The Illinois district court issued various orders over the years concerning whether Izumi was barred from pursuing its antitrust counterclaims in Illinois because it failed to file such a counterclaim in Florida and whether Philips was collaterally estopped from retrying the Lanham Act claims after the Federal Circuit vacated the Florida judgment. In the final analysis, the Illinois district court determined that Izumi was barred from now asserting an antitrust counterclaim and that Philips was not collaterally estopped from retrying the Lanham Act claims. The district court certified its orders and set forth the controlling questions of law:
 
 
 5
 In the opinion of this court, these Orders granting Summary Judgment against Izumi's antitrust counterclaims involve questions of law as to which there are substantial grounds for differences of opinion and an immediate appeal from such Order may materially advance the ultimate termination of the present litigation. The specific issues are whether Izumi is barred from pursuing such counterclaims on the basis that such counterclaims were compulsory counterclaims in a previously filed action of U.S. Philips Company et al. v. Windmere Corp., et al. which could not be asserted in this action, and whether Izumi has standing to raise these particular antitrust counterclaims.
 
 
 6
 In the opinion of this Court, this Order reconsidering this Court's prior Summary Judgment against N.A. Philips' unfair competition claims and reinstating those claims involve a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from such an Order may materially advance the ultimate termination of this litigation. Such issue involves whether under the law of the 7th Circuit, plaintiff N.A. Phillips can be barred under collateral estoppel from again retrying the issue of trade dress infringement in view of the findings of the jury and the judgment of the Court in U.S. Philips Company et al. v. Windmere Corp., et al, where the final judgment of the Court was vacated predicated upon a settlement reached between Philips and Windmere.
 
 
 7
 We agree with the parties and the district court that the orders were appropriate for certification.[2] The questions of law are not relevant just to the particular facts of the case, but could be of importance to the bar in general. Further, as pointed out by Izumi and Sears, there are conflicting circuit views about these issues and uncertainty regarding Supreme Court precedent. Finally, reviewing these interlocutory appeals will determine with finality which claims will proceed to trial and, thus, may materially advance the ultimate termination of the litigation.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Izumi and Sears' petition for permission to appeal is granted.
 
 
 
 [1]
 Neither Windmere nor Izumi sought appellate review of the jury's $6,500 damages award for infringement
 
 
 [2]
 A certified order must involve a controlling question of law as to which there is a substantial difference of opinion and an immediate appeal should materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)